UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TOM HUGHES & DESMOND
MCDONALD, on Behalf of Themselves
and Others Similarly Situated,

       Plaintiffs,

v.

GULF INTERSTATE FIELD
SERVICES, INC.,

       Defendant.

Case No. 2:14-cv-000432

CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth Preston Deavers

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiffs' Motion for Conditional Class Certification, pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) and Motion for Class Certification, pursuant to Rule 23 of the Federal Rules of Civil Procedure (Doc. No. 30). For the followintg reasons, Plaintiffs' Motion for Conditional Certification of their FLSA Claim is **GRANTED** (Doc. No. 30) subject to the conditions outlined within this Opinion and Order (Doc. No. 59). Plaintiffs' Motion for Class Certification of their OMFWSA Claims is **DENIED** (Doc. No. 30).

### I. BACKGROUND

Defendant Gulf Interstate Field Services, Inc. ("Gulf Interstate" or "Defendant") provides construction management, pipeline and facility inspection, materials management and other services for energy transportation projects. (Doc. No. 42, PAGEID 249.) In this capacity, Gulf Interstate contracts with third-party clients to staff employees paid by Gulf Interstate on client projects. Pursuant to contracts between Gulf Interstate and its clients, the clients pay Gulf Interstate a markup of the wages paid by Gulf Interstate to its employees. (*Id.* at PAGEID 250.)

In the course of its business, Gulf Interstate provided these staffing services on a project for MarkWest in Ohio ("MarkWest Ohio Project"). Plaintiffs, Tom Hughes ("Hughes") and Desmond McDonald ("McDonald") (collectively, "Plaintiffs"), were staffed on the MarkWest Ohio Project and bring this action on behalf of themselves and others similarly situated for state and federal statutory violations in connection with a failure to pay overtime compensation. (*Id.* at PAGEID 251; Doc. No. 1 ("Compl.") ¶ 1.)

Plaintiffs were each staffed on the MarkWest Ohio Project for a period of time beginning in 2011. Plaintiffs contend they were paid under a day rate system. "Under this system, workers receive a flat amount for each day worked but do not receive any premium pay for hours worked in excess of forty hours a week." (Compl. ¶ 1.) Plaintiffs allege that Gulf Interstate's day rate payment practice violates the overtime requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq.*, and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), Ohio Rev. Code Ann. §§ 4111.01, 4111.03 and 4111.10. On May 9, 2014, Plaintiffs initiated this action, seeking to recover the unpaid wages and other damages owed to workers compensated under the alleged day rate payment system. (*Id.*)

Plaintiffs subsequently moved to conditionally certify a collective action under the FLSA and certify a class action under Federal Rule of Civil Procedure 23 for their OMFWSA claims (Doc. Nos. 30-31). With respect to the FLSA conditional certification, Plaintiffs request that notice be sent to: "All Field Service Workers employed by Gulf Interstate and paid a day rate during the period [Three (3) years prior to the Court's Order approving Notice] to present." (Doc. No. 31, PAGEID 131.) With respect to the Rule 23 class action certification, Plaintiffs' proposed class is: "All Field Service Workers employed by Gulf Interstate in Ohio and paid a day rate during the period May 9, 2012 to present." (Doc. No. 31, PAGEID 131.) Plaintiffs

2

include the following positions in their definition of "Field Service Workers:" Chief Inspector, Assistant Chief Inspector, Coating Inspector, Welding Inspector, Sr. Welding Inspector, General/Utility Inspector, Tie-In Inspector, Safety Inspector, Environmental Inspector, Sr. Electrical Inspector, Electrical/Instrument Inspector, Lead Pipe Mill Inspector, Office Manager, Office Clerk, Office Administration. (Doc. No. 46, PAGEID 714.) In support of their motions, Plaintiffs submit affidavits from Hughes (Doc. No. 31-1), McDonald (Doc. No. 31-2), and three proposed plaintiffs (Doc. Nos. 31-3, 31-4, 31-5). Attached to three of the four affidavits are formal letters on Gulf Interstate letterhead, describing the terms and conditions of the affiants' employment (the "Offer Letters"). (Doc. Nos. 31-1, 31-2, 31-3, 31-5.) The letters are nearly identical and list that the employees' compensation consists of salary, per diem, computer and mileage payments. (*Id.*) The base compensation is listed as a "salary," but the amount specified is per "Day Worked." (*Id.*) Plaintiffs contend that they were paid on a day rate basis, rather than on a salary basis, within the meanings of the FLSA and the OMFSWA, and therefore, Gulf Interstate was obligated to pay them overtime — in other words, for hours worked in excess of forty per week — pursuant to 29 C.F.R. § 778.112, and Ohio Rev. Code Ann. § 4111.03, respectively. (Doc. No. 31, PAGEID 134; Compl. ¶ 32.)

Gulf Interstate opposes both conditional certification, pursuant to the FLSA, and OMFSWA class certification, pursuant to Rule 23. Gulf Interstate contends that Plaintiffs have failed to establish that a similarly situated class exists. Gulf Interstate further contends that Plaintiffs have failed to satisfy the requirements of Rule 23, including commonality.

## II. ANALYSIS

### A. FLSA Conditional Certification

#### 1. Standard

3

The Court will first consider whether conditional certification is appropriate under the FLSA. The FLSA specifically provides:

> An action to recover the liability ... may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). Accordingly, "[s]ection 216(b) establishes two requirements for a representative action: 1) the plaintiffs must actually be 'similarly situated,' and 2) all plaintiffs must signal in writing their affirmative consent to participate in the action." *Comer v. Wal–Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006). The United States Supreme Court has held that under 29 U.S.C. § 216(b) a district court may "facilitat[e] notice to potential plaintiffs." *Hoffman–La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989). The decision whether to conditionally certify a class, and therefore facilitate notice, is within the discretion of the trial court. *See id.*

The United States Court of Appeals for the Sixth Circuit has implicitly upheld a two-step procedure for determining whether an FLSA case should proceed as a collective action. *In re HCR ManorCare, Inc.*, No. 11–3866, 2011 WL 7461073, at *1 (6th Cir. Sept. 28, 2011); *see also Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 213 (S.D. Ohio 2011) (applying the two-step procedure). "First, in what is referred to as the initial notice stage, the Court must determine whether to conditionally certify the collective class and whether notice of the lawsuit should be given to putative class members." *Swigart*, 276 F.R.D. at 213 (internal quotations omitted). "At the second stage of the proceedings, the defendant may file a motion to decertify the class if appropriate to do so based on the individualized nature of the plaintiff's claims." *Id.*

4

At the first stage, "Plaintiffs must only make a modest showing that they are similarly situated to the proposed class of employees." *Lewis v. Huntington Nat. Bank,* 789 F.Supp.2d 863, 867 (S.D. Ohio 2011). This standard is "'fairly lenient ... [and] typically results in conditional certification.'" *Id.* at 868 (quoting *Comer,* 454 F.3d at 547); *see Lacy v. Reddy Elec. Co.,* No. 3:11–cv–52, 2011 WL 6149842, at *2 (S.D. Ohio Dec. 2011) ("[C]ollective actions have been certified based on no more than a couple of declarations and a deposition transcript."). During this stage, the Court does not generally consider the merits of the claims, resolve factual disputes, or evaluate credibility. *Swigart,* 276 F.R.D. at 214; *see also Lacy,* 2011 WL 6149842, at *3 ("Requiring any more factual support from Plaintiff at this early stage, or weighing [Defendant's] competing factual assertions, would intrude improperly into the merits of the action, essentially imposing a burden upon Plaintiff to prove the factual predicates of his claim as a precondition to obtaining preliminary conditional certification.") (internal citations omitted). Moreover, the FLSA analysis does not import "the more stringent criteria for class certification under Fed. R. Civ. P. 23" and it is also "less stringent than [the] Rule 20(a) requirement that claims 'arise out of the same action or occurrence' for joinder to be proper." *O'Brien v. Ed Donnelly Enter., Inc.,* 575 F.3d 567, 584 (6th Cir. 2009).

**2. Similarly Situated**

Once again, at the conditional certification stage Plaintiffs must make a modest factual showing that they are similarly situated to the proposed class. Neither the FLSA nor the Sixth Circuit have explicitly defined the meaning of "similarly situated." *O'Brien,* 575 F.3d at 584. This Court has emphasized that at the initial notice stage, a plaintiff "[']need only show that [his] position [is] similar, not identical, to the positions held by the putative class members.'" *Lewis,* 789 F.Supp.2d at 867–68 (quoting *Pritchard v. Dent Wizard Intern. Corp.,* 210 F.R.D. 591, 595

5

(S.D. Ohio 2002)) (alterations in original). Furthermore, "[t]he Court should consider whether potential plaintiffs were identified; whether affidavits of potential plaintiffs were submitted; whether evidence of a widespread discriminatory plan was submitted, and whether as a matter of sound class management, a manageable class exists." *Lewis,* 789 F.Supp.2d at 868 (internal quotations omitted). The Sixth Circuit has provided that one example of an appropriate FLSA collective action is where the potential plaintiffs are "unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *O'Brien,* 575 F.3d at 585. Nevertheless, "[s]howing a 'unified policy' of violations is not required...." *Id.* at 584.

Plaintiffs submit five affidavits in support of their motion to conditionally certify a nationwide FLSA class. The affiants are former welding and pipeline inspectors on the Markwest Ohio Project. (*See* Doc. Nos. 31-1; 31-2; 31-3; 31-4; 31-5.) Defendant asserts that Plaintiffs' failure to set forth sufficient evidence of a "common policy or plan that violated the law" is fatal to conditional certification. *O'Neal v. Emery Fed. Credit Union*, No. 1:13-CV-22, 2014 WL 6810689, at *5 (S.D. Ohio Dec. 3 2014). The Court finds, to the contrary, that Plaintiffs' affidavits, which attach the Offer Letters as exhibits, satisfy the requisite modest factual showing of similar situation, albeit pertaining to a narrower class than Plaintiffs seek. Rather than a nationwide class of Field Service Workers paid a day rate, Plaintiffs have made a modest showing that they and other Inspectors[1] (or equivalent positions) on the Markwest Ohio

---

[1] The Court is cognizant that it is not job titles, but rather job functions which are relevant to the similarly situated inquiry. *See Petty v. Russell Cellular, Inc.*, No. 2:13-cv-1110, 2014 WL 1308692, at *3 (S.D. Ohio Mar. 28, 2014) (employees with differing job titles in retail stores are similarly situated where "even though they may have occupied different positions in the stores, they were all allegedly impacted the same way by the alleged FLSA violation"); *Sisson v. OhioHealth Corp.*, No. 2:13-cv-0517, 2013 WL 6049028, at *7 (S.D. Ohio Nov. 14, 2013) (hourly employees with varying job titles who performed similar duties satisfy conditional certification threshold). To that end, Plaintiffs move to certify a class of "All Field Service Workers" paid a day rate. However, the factual evidence submitted by Plaintiffs pertains to various "Inspector" positions. With the exception of Office Manager, Office Clerk, and Office Administration, the positions Plaintiffs propose to include in the definition of "Field

Project performed similar job duties and were subject to similar pay practices. The affidavits submitted by Plaintiffs state that the Inspectors tested and observed the pipeline construction, welding and coating processes to ensure compliance with MarkWest specifications. (Doc. Nos. 31-1 ¶ 7; 31-2 ¶ 6; 31-3 ¶ 8; 31-4 ¶ 6; 31-5 ¶ 7.) The affidavits and Offer Letters further attest that the Inspectors were subject to similar pay practices. (*See* Doc. Nos. 31-1; 31-2; 31-3; 31-4; 31-5.)

Plaintiffs submit no sufficient evidence to support a conditional class outside of the Markwest Ohio Project. Generalized statements in the Inspector affidavits that "Gulf Interstate paid all other pipeline inspectors on a day rate basis" are not specifically directed at projects outside of the Markwest Ohio Project. (Doc. Nos. 31-1 ¶ 5; 31-2 ¶ 4l; 31-3 ¶ 5; 31-4 ¶ 4; 31-5 ¶ 5.) Indeed, the prior and subsequent sentences both pertain to the Markwest Ohio Project. (*Id.*) Plaintiffs' contention that Gulf Interstate's own evidence demonstrates that others similarly situated were employed on other projects is also unavailing. The declaration referred to by Plaintiffs describes generalized salaried payment schemes which Gulf Interstate asserts it employs with other clients. (Doc. No. 42-3.) While Gulf Interstate also asserts that the MarkWest employees were likewise salaried, the merits question of whether Plaintiffs were functionally salary-employees or day rate-employees is off-limits to this Court at the conditional certification stage.

The conflation of merit-based questions and those appropriate to a conditional certification inquiry underlie Gulf Interstate's other arguments. Gulf Interstate asserts that a manageable class does not exist because resolving the various FLSA duties tests determinative of

---

Service Worker" (Doc. No. 46, PAGEID 714) are all encompassed by the Court's conditional certification of Inspectors (or equivalent positions) on the MarkWest Ohio project paid a day rate. Plaintiffs have proffered no evidence that the positions of Office Manager, Office Clerk or Office Administration are paid under a similar schematic framework to the Inspector positions.

the overtime pay eligibility status of employees is arduously unmanageable. But, determination of whether Plaintiffs and others similarly situated qualify as exempt employees under the FLSA is a merits determination that will be considered at the second phase of certification, not at this initial conditional inquiry. *See Engel v. Burlington Coat Factory Direct Corp.*, No. 1:11-cv-759, 2013 WL 2417979, at *4 (S.D. Ohio June 3, 2013) (actual duties inquiry with respect to exempt status of plaintiffs under the FLSA not appropriate for consideration at conditional certification stage). Gulf Interstate also argues that Plaintiffs have failed to produce sufficient evidence that they were denied pay in violation of the salary basis test or the duties test. The factors this Court must consider, however, weigh in Plaintiffs' favor. Potential plaintiffs were identified by affidavits submitted describing a plan or practice of discriminatory pay and a manageable class of Inspectors on the Markwest Ohio Project paid a day rate exists. The Court notes that at the second stage of certification proceedings, Gulf Interstate may move to decertify the class by demonstrating that the class is unmanageable. For these reasons, Plaintiffs' Motion for Conditional Certification of their FLSA Claim (Doc. No. 30) is **GRANTED** limited to Inspectors (or equivalent positions) employed by Gulf Interstate on the Markwest Ohio Project paid a day rate during the period [Three (3) years prior to the Court's Order approving Notice] to present.

### B. Rule 23 Class Certification

#### 1. Standard

"To be certified, a class must satisfy all four of the Rule 23(a) prerequisites—numerosity, commonality, typicality, and adequate representation—and fall within one of the three types of class actions listed in Rule 23(b)." *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 537 (6th Cir. 2012). Federal Rule of Civil Procedure 23(a) specifically states:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a).

"The party seeking class certification has the burden to prove the Rule 23 certification requirements." *Young*, 693 F.3d at 537. The Sixth Circuit has specifically provided:

> "Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule." [*Wal–Mart Stores Inc. v. Dukes*, —— U.S. ——, 131 S. Ct. 2541, 2551, 180 L.Ed.2d 374 (2012)]. "[A]ctual, not presumed, conformance with Rule 23(a) remains ... indispensable," *Gen, Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160, 102 S. Ct. 2364, 72 L.Ed.2d 740[] (1982), and must be checked through "rigorous analysis," *Wal–Mart*, 131 S. Ct. at 2551 (quoting *Falcon*, 457 U.S. at 161, 102 S. Ct. 2364, 72 L.Ed.2d 740). Some circuits expressly bar district courts from presuming that the plaintiffs' allegations in the complaint are "true for purposes of the class motion ... without resolving factual and legal issues that strongly influence the wisdom of class treatment." *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 675 (7th Cir. [2001]), *cert. denied*, 534 U.S. 951, 122 S. Ct. 348, 151 L.Ed.2d 263 (2001) (internal quotation marks omitted); *see also Elizabeth M. v. Montenez*, 458 F.3d 779, 783 (8th Cir. 2006); *Miles v. Merrill Lynch & Co. (In re Initial Pub. Offerings Sec. Litig.)*, 471 F.3d 24, 41 (2d Cir. 2006). That approach follows from *Falcon*, and *Wal–Mart* has cemented its propriety."

*Gooch v. Life Investors Ins. Co. of Am.*, 672 F.3d 402, 417 (6th Cir. 2012).

**2. Commonality**

Rule 23(a)(2) requires that there be "questions of law or fact common to the class" before certification can be granted. "Commonality requires the plaintiff to demonstrate that the class members have 'suffered the same injury.'" *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (quoting *Gen. Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 151 (1982)). "That common contention, moreover, must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is

central to the validity of each one of the claims in one stroke." *Id.* at 2551. It "is not the raising of common 'questions'—even in droves—but, rather, the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation" that is determinative. *Id* (emphasis in original).

At baseline, Plaintiffs contend they were subject to the same violation by Gulf Interstate as other potential class members—the failure to award overtime compensation, as required by the OMFWSA. Gulf Interstate responds that individualized factual inquiries into whether each putative class member is exempt from overtime compensation requirements forecloses commonality. For the reasons that follow, the Court agrees.

Gulf Interstate argues that four separate exemptions from the OMFWSA overtime compensation provisions apply to the proposed class members: (1) Administrative; (2) Executive; (3) Combination; and (4) Highly Compensated. At the outset, in order for any of these exemptions to apply, Plaintiffs must be paid on a salary-basis. *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 846 (6th Cir. 2012); 29 C.F.R. § 541.602(a); 29 C.F.R. § 541.601(b)(1). The salary-basis test is satisfied if the "employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all of part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. § 541.602(a) The evidence submitted by both parties in the form of affidavits, Offer Letters and time sheets demonstrates that the named Plaintiffs were paid under the same schematic framework, such that resolution of this inquiry would likely be possible as to the proposed class collectively.

The Court will briefly examine the other factors of each exemption:

(1) Administrative Exemption

10

"To qualify for the administrative exemption, an employee's primary duty must be the performance of work directly related to the management or general business operations of the employer or the employer's customers." 29 C.F.R. § 541.201(a). Additionally, "an employee's primary duty must include the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.202(a).

(2) Executive Exemption

The executive exemption applies to employees "[w]hose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof" and "[w]ho customarily and regularly directs the work of two or more other employees." 29 C.F.R. § 541.100.

(3) Combination Exemption

The combination exemption applies where an employee performs duties that fall within different individual exemptions but no one of those duties is primary. Added together, the individually exempt-eligible duties must still comprise the employee's primary duty. 29 C.F.R. § 541.708. "In other words, the combination exemption provides a mechanism for cobbling together different exempt duties for purposes of meeting the primary-duty test." *IntraComm, Inc. v. Bajaj*, 492 F.3d 285, 294 (4th Cir. 2007) (clarifying mechanics of exemption as explained in amicus brief filed by Secretary of U.S. Department of Labor).

(4) Highly Compensation Exemption

The highly compensated employee exemption applies where an employee makes at least $100,000 annually, including at least $455 per week on a salary basis, and the employee's "primary duty includes performing office or non-manual work." 29 C.F.R. § 541.601(d).

The applicability of each of these exemptions involve fact-specific inquiries regarding an employee's specific job duties—whether management, business-operations, office or non-manual etc.; the independent judgment exercised in the performance of said duties, the percentage of time devoted to each duty; and the supervisory capacity, if any, of each employee. While Plaintiffs' employee affidavits touch on the answers to some of these questions as they pertain to the individual affiants, Plaintiffs have not satisfied their burden of demonstrating that all individuals in the proposed class would have common answers, such that a determination of whether these exemptions apply is capable of classwide resolution. *See Hendricks v. Total Quality Logistics, LLC, et. al.*, 292 F.R.D. 529, 541 (S.D. Ohio 2013) (no commonality for Rule 23 class certification where administrative, executive and/or highly-compensated employees exemptions are at issue, "each requiring different facts to be proved" rendering it "impossible for the Court to resolve the exemption defenses in one stroke"). Certainly, Plaintiffs have failed to affirmatively demonstrate that commonality exists between a nationwide class of "Field Service Workers paid on day-rate basis." But, even with respect to the narrower class the Court is conditionally certifying for the purposes of the FLSA claim—Inspectors (or equivalent positions) employed by Gulf Interstate on the Markwest Ohio Project paid a day rate—Plaintiffs have not demonstrated commonality. The affidavits only pertain to pipeline and welding inspectors, leaving out all other types of inspectors on the Markwest Ohio Project. Plaintiffs also fail to demonstrate that the answers to these duties questions apply equally across identical job titles and are not individualized per employee.

The Court is unable to certify a Rule 23 class at this time. However, if Plaintiffs are able (for example, post-discovery) to present evidence demonstrating that a narrower class of employees, or subclasses of employees meet the requisites for Rule 23 class certification, the

Court will reconsider its decision.[2] *See* Rule 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final judgment").

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Conditional Certification of their FLSA Claim is **GRANTED** (Doc. No. 30) subject to the conditions outlined within this Opinion and Order (Doc. No. 59). Plaintiffs are **DIRECTED** to file a revised proposed notice form and plan for the distribution of notice, within **FOURTEEN (14) DAYS** of the date of this Opinion and Order. Defendant should also produce contact information for the Inspectors employed during the relevant period within **FOURTEEN (14) DAYS**. Plaintiffs' Motion for Class Certification of their OMFWSA Claims is **DENIED** (Doc. No. 30).

**IT IS SO ORDERED.**

7-7-2015
DATE

EDMUND A. SARGUS, JR.
**UNITED STATES DISTRICT CHIEF JUDGE**

---

[2] Plaintiffs have represented in an unsolicited filing that they will not seek to "broaden the classes in this lawsuit" should the Court limit the class with this Order (Doc. No. 54 ¶ 3). The Court notes that broadening the requested class is not likely to satisfy the requirements of Rule 23, while evidence demonstrating that a narrower class or subclasses meet the requirements could lead to a different result.