**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**TOM HUGHES, *et al.*,**

**Plaintiffs,**

**v.**

**Civil Action 2:14-cv-432**
**Chief Judge Edmund A. Sargus, Jr.**
**Magistrate Judge Elizabeth P. Deavers**

**GULF INTERSTATE FIELD SERVICES, INC.,**

**Defendant.**

**REPORT AND RECOMMENDATION**

This matter is before the United States Magistrate Judge for a Report and Recommendation on the Court's October 15, 2015 Show Cause Order (ECF No. 75), Opt-In Plaintiffs Herman Liggett's and Mark Cameron's Response (ECF No. 80), and Defendant's Reply (ECF No. 85). For the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** the claims of opt-in Plaintiffs Mark Cameron and Herman Liggett with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**I.**

On June 26, 2015, the Court held a telephonic discovery conference regarding the failure of a number of opt-in Plaintiffs to participate in discovery in this action. In the Court's June 29, 2015 Order memorializing the conference, the Court ordered the opt-in Plaintiffs to respond to the outstanding interrogatories and document requests on or before July 13, 2015, and explicitly advised opt-in Plaintiffs that "failure to comply with this extended deadline could result in dismissal for failure to prosecute." (ECF No. 58 at 1.) At a follow-up telephonic discovery

conference on October 15, 2015, Plaintiffs' counsel reported that despite numerous attempts, he had been unable to make contact with opt-in Plaintiffs Herman Liggett and Mark Cameron, individuals who have neither been deposed nor provided discovery responses. The Court memorialized these representations in its October 15, 2015 Order and Show Cause Order and further ordered Herman Liggett and Mark Cameron to show cause within fourteen days why the Court should not dismiss them pursuant to Rule 41(b) for failure to prosecute. (ECF No. 75.)

In the Response to the Show Cause Order, Plaintiffs' counsel represents that the failure of Messrs. Liggett and Cameron to provide discovery responses "is due to the fact that Plaintiffs' counsel has been unable to contact them to obtain the information necessary to prepare discovery responses." (Pls.' Response 2, ECF No. 80.) Plaintiffs maintain that in the absence of demonstrated prejudice, dismissal is unwarranted. Alternatively, Plaintiffs maintain that any dismissal "should be without prejudice and the statute of limitations should be tolled for the period that they were participants in this suit and for 60 days after dismissal." (*Id*. at 4.)

In its Reply, Defendant asserts that under the circumstances presented in the instant action, no lesser sanction than dismissal with prejudice is warranted. Defendant cites numerous cases in which trial courts within the United States Court of Appeals for the Sixth Circuit have dismissed opt-in plaintiffs with prejudice for failure to participate in discovery.

**II.**

The Court's inherent authority to dismiss a plaintiff's action with prejudice because of his failure to prosecute is expressly recognized in Rule 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ.

P. 41(b); *Link v. Walbash R.R. Co.*, 370 U.S. 626, 629–31 (1962). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

**III.**

Under the circumstances presented in the instant case, consideration of the foregoing factors persuades the Undersigned to recommend dismissal of Messrs. Liggett's and Cameron's claims with prejudice pursuant to Rule 41(b).

With regard to the first factor, Messrs. Liggett's and Cameron's counsel's contention that their failure to comply with the Court's Order and participate in discovery was not willful or their fault because counsel was unable to contact them is unavailing. Trial courts within this Circuit have agreed that an opt-in plaintiff's failure to respond to his counsel constitutes willful conduct weighing in favor of dismissal. *See, e.g., Oakes v. J.F. Bernard, Inc.*, No. 5:11-cv-1006, 2012 WL 3552651, at *2 (N.D. Ohio Aug. 1, 2012) (dismissing opt-in plaintiff pursuant to Rule

41(b) with prejudice for failure to provide discovery, reasoning that the opt-in Plaintiff "is at fault, at a minimum, for failing to maintain contact with his attorney so that he could stay informed regarding his case"); *Williams v. Le Chaperon Rouge*, No. 1:07-cv-829, 2008 WL 2074039, at *1–2 (N.D. Ohio May 14, 2008) (dismissing opt-in plaintiff pursuant to Rule 41(b) with prejudice for failure to provide discovery, characterizing the opt-in plaintiffs' failure respond to discovery as "willful" where they failed to respond to several letters and calls from their attorneys); *Doornbos v. Pilot Travel Centers, LLC*, No. 3:05-cv-428, 2008 WL 4764334, at *3 (E.D. Tenn. Oct. 27, 2008) (dismissing opt-in plaintiffs pursuant to Rule 41(b) with prejudice for failure to provide discovery where counsel sent repeated notices regarding the discovery, finding that the opt-in plaintiffs "neglected their duties as participants in [the] litigation" and that "any failure to receive [the discovery notices] is a result of [the opt-in plaintiffs'] failure to keep their counsel informed of their current contact information"); *see also Morales v. Farmland Foods, Inc.*, No. 8:08-cv-504, 2011 WL 7077232, at *5 (D. Neb. Dec. 15, 2011) (collecting cases in which courts have dismissed opt-in plaintiffs with prejudice in FLSA cases where the opt-in plaintiffs failed to respond to discovery in violation of a court order, reasoning "[t]here is nothing in the nature of collective actions or in the spirit of the FLSA that would allow plaintiffs to flout their individual discovery obligations. When the refusal comes following notice and a court order, absent some extraordinary circumstances, it can be described as nothing other than willful or intentional" (internal quotation marks and citations omitted)).

Here, as reflected above, Plaintiffs' counsel represented that numerous attempts were made to contact Messrs. Liggett and Cameron in an effort to obtain the information necessary to comply with the Court's Order that the opt-in Plaintiffs respond to the outstanding discovery. Thus, the fault lies not with counsel, who made repeated attempts, but rather with Messrs.

Liggett and Cameron, who have willfully failed to respond to their attorneys' requests and neglected their duties as participants in this litigation. Accordingly, the first factor weighs in favor of dismissal of their claims with prejudice pursuant to Rule 41(b).

The second factor, prejudice, also weighs in favor of dismissal. As Defendant points out, Liggett actively participated in the case before written discovery was served by signing a declaration that was filed in support of plaintiffs motion for class and conditional certification. (Liggett Decl. ECF No. 31-5.) Significantly, the Court relied in part upon that Declaration in granting conditional certification. (*See* July 7, 2015 Opinion and Order 8, ECF No. 59.) In addition, Defendant has already filed its Motion for Decertification. (ECF No. 90.) Under these circumstances, the Undersigned agrees with Defendant that Messrs. Liggett's and Cameron's failure to participate in discovery prejudices Defendant.

The third factor likewise weighs in favor of dismissal of Messrs. Liggett's and Cameron's claims with prejudice pursuant to Rule 41(b) given that the Court expressly warned in its June 29, 2016 Order that the failure to respond to the outstanding discovery before the extended deadline could result in dismissal for failure to prosecute. (ECF No. 58 at 1.)

Finally, the Court finds that under the circumstances here, no alternative sanction would protect the integrity of the pretrial process. As discussed above, Messrs. Liggett and Cameron failed to timely respond to written discovery and subsequently failed to comply with the Court's Order directing them to respond to outstanding discovery within the extended deadline. Moreover, in response to the opportunity to show cause why their claims should not be dismissed with prejudice for want of prosecution, their counsel offered only that he has been unable to contact them despite repeated attempts. As discussed above, such an explanation falls short and constitutes willful conduct on behalf of Messrs. Liggett and Cameron weighing in

favor of dismissal.

**IV.**

In sum, for the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** the claims of opt-in Plaintiffs Mark Cameron and Herman Liggett **WITH PREJUDICE** pursuant to Rule 41(b).

**PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.,* 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation

omitted)).

Date: December 9, 2015

/s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE