UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TOM HUGHES**, *et al.*,

    **Plaintiffs,**

                                          Civil Action 2:14-cv-432
v.                                        Chief Judge Edmund A. Sargus, Jr.
                                          Magistrate Judge Elizabeth P. Deavers

**GULF INTERSTATE FIELD
SERVICES, INC.**,

    **Defendant.**

## OPINION AND ORDER

On December 2, 2015, the Court held a telephonic status conference in which Plaintiffs requested leave to conduct discovery to obtain pay records and time sheets from sixty-nine additional opt-in Plaintiffs after the close of discovery. Defendant opposed Plaintiffs' request. The Court allowed the parties to provide letter briefing, which the parties have now submitted. (ECF Nos. 98 and 99.) This matter is before the Court for resolution of Plaintiffs' request for leave to conduct discovery. For the reasons that follow, Plaintiffs' request is **DENIED**.

**I.**

On May 9, 2014, Plaintiffs Tom Hughes and Desmond McDonald filed this action against Defendant, Gulf Interstate Filed Services, Inc., alleging that Defendant's day rate payment practice violates the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq.*, and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), Ohio Rev. Code §§ 4111.01, 4111.03, and 4111.10.

The Court conducted a preliminary pretrial conference on July 30, 2014. In the subsequent Preliminary Pretrial Order, the Court ordered that "[m]erits and class discovery will

be conducted simultaneously." (ECF No. 20 at 2.) The Court also set June 30, 2015, as the discovery deadline and July 31, 2015, as the deadline for filing case-dispositive motions. Upon the parties' agreed motions, the Court twice extended the deadline for Plaintiffs to move for collective and class certification until January 9, 2015. (ECF Nos. 25 and 29.)

On January 9, 2015, Plaintiffs moved to conditionally certify a collective action under the FLSA and certify a class action under Federal Rule of Civil Procedure 23 for their OMFWSA claims. (ECF Nos. 30 and 31.)

On March 23, 2015, the Court issued an Order Setting Trial Date and Settlement Conference, setting this matter for trial on February 22, 2016. (ECF No. 45.)

On June 26, 2015, pursuant to the parties' joint request, the Court extended the deadline for Plaintiffs to serve their complete responses to outstanding written discovery to July 13, 2015, and set September 30, 2015, as the deadline for completing any outstanding discovery. (ECF No. 58.) In addition, the Court advised that "[t]his extended deadline does not permit the parties to serve new discovery, but does contemplate Defendant noticing the depositions of both named and opt-in Plaintiffs." (*Id.*) The Court also extended the deadline for filing dispositive motions to November 16, 2015. (*Id.*)

On July 7, 2015, the Court granted Plaintiffs' motion for conditional certification of their FLSA claim, but denied their motion for class certification of their OMFWSA claims. (ECF No. 59.)

On September 30, 2015, the parties jointly moved for an extension of the discovery period "for the limited purposes of rescheduling the deposition of opt-in plaintiff Jerry Monk" and to address the following outstanding disputes:

    a.    The failure of opt-in plaintiffs Sandra Galloway, Herman Liggett, Mark

     Cameron, and David Ward to respond to written discovery requests;

 b. The failure of opt-in plaintiffs John Horgan, Sandra Galloway, Herman Liggett, Mark Cameron, and David Ward to provide dates and appear for deposition;

 c. The requests by opt-in plaintiffs Arnette Suazo, Gabriel Suazo, Harold Wampler, Richard Weaver, and Charlotte Vigil that they be withdrawn from this case;

 d. The outstanding documents to be produced, that were identified during the depositions conducted of Plaintiff Thomas Hughes and opt-in plaintiffs Starcheski, Riley, Richmond, Williamson, and Thomas. Gulf has left these depositions open for the specific purpose of inquiring on the responsive documents not yet produced;

 e. The outstanding documents to be produced that were identified during the 30(b)(6) Deposition of Robert Sprick.

(ECF No. 68.) The Court granted the parties' Motion, extending the discovery deadline to October 15, 2015, for the limited purposes set forth in the parties' Motion and extended the dispositive motions deadline to November 30, 2015. (ECF No. 69.)

  On October 15, 2015, this matter came before the Court for a telephonic discovery conference at the request of Defense counsel. Defendant raised issues with several of the opt-in plaintiffs' failure to participate in discovery. Plaintiffs informed the Court that several opt-in plaintiffs had elected to withdraw and that withdrawal notices would be forthcoming. Counsel also moved for voluntary dismissal of another opt-in plaintiff. Finally, the Court ordered Plaintiffs Herman Liggit and Mark Cameron to show cause why the Court should not dismiss them for failure to prosecute. (ECF No. 75.)

  On October 15, 2015, the Court issued an Amended Order Setting Trial Date and Settlement Conference, setting this matter for trial on July 16, 2016. (ECF No. 74.)

On November 30, 2015, Defendant contemporaneously filed a Motion for Decertification (ECF No. 90) and a Motion for Summary Judgment Against Plaintiffs Tom Hughes and Desmond McDonald (ECF No. 91).  That same day, Plaintiffs also filed a Renewed Motion for Class Certification.  (ECF No. 93.)

On December 2, 2016, the Court held a telephonic discovery conference at Plaintiffs' request in which Plaintiffs requested leave to conduct additional discovery.  The parties subsequently submitted letter briefs, which have been made part of the record.  (ECF Nos. 98 and 99.)  The Court stayed briefing on the parties' substantive motions (ECF Nos. 90, 91, and 93) pending resolution of Plaintiffs' request for leave to conduct additional discovery.  (ECF No. 97.)

In their letter brief, Plaintiffs seek leave to re-open discovery and for an order compelling Defendant to produce "Offer (Pay) letters, Time Sheets, and Payroll Records for each of the new opt-ins."  (Pls.' Brief 1, ECF No. 98.)  According to Plaintiffs, they requested the information at issue for all class members in April 2015.  Defendants objected on grounds of overbreadth, producing the information only for the named plaintiffs and those individuals who had opted into the case at that time.  Plaintiffs did not move to compel the documents, but initiated discussions with defense counsel concerning the documents at issue on November 9, 2015.  When those negotiations failed, Plaintiffs requested a telephone conference, which the Court conducted on December 2, 2015.  In support of its request, Plaintiffs assert that the decertification stage should not occur until after discovery has been concluded.  Plaintiffs further assert that the documents they seek are relevant because they bear on the issue of "whether Plaintiffs and Class Members were paid on a 'salary basis' as is required for application of any of the exemptions to the FLSA's overtime requirements [Defendant] seeks to invoke."  (*Id*.)  Plaintiffs explain that

4

evidence of deductions Defendant took from employees could establish an actual practice of making such deductions such that Defendant would loose the exemption upon which it relies to shield itself from liability.

Defendant opposes Plaintiffs' request. According to Defendant, there exists "no legal, factual, or procedural basis for Plaintiffs' request to reopen discovery . . . ." (Def.'s Brief 1, ECF No. 99.) Defendant points out that discovery has closed and that the parties have both filed dispositive motions. It asserts that Plaintiffs cannot show good cause under Federal Rule of Civil Procedure 16(b)(4) for extending the discovery period, which the Court already twice extended. Defendant also points out that they have provided the requested discovery for ten of the opt-in plaintiffs and that they have also provided the requested discovery for an additional nine opt-in plaintiffs who were later voluntarily withdrawn or involuntarily dismissed from the case for failure to respond to its discovery requests. Defendant further maintains that it is "well-settled" that representative discovery is sufficient for opposing motions for decertification and that it would be "materially prejudiced" in the form of resultant needless expenditure of resources if the requested discovery is permitted. (*Id*. at 2.) Defendant also argues that Plaintiffs' position that they now need discovery from all opt-ins is unfair and inconsistent with their earlier contentions that representative opt-in discovery is proper. Defendant further points out that Plaintiffs conceded in their renewed Motion for Class Certification that "the first stage of discovery has been completed." (*Id*. at 5.) Finally, Defendant maintains that the "dissimilarities revealed through the existing discovery cannot be overcome and would only be magnified" by the records Plaintiffs seek. (*Id*. at 6.)

**II.**

5

In their letter brief, Plaintiffs attempt to frame their request as one in which they are merely seeking the Court's resolution an active discovery dispute concerning discovery they propounded in April 2015 as contrasted with a request to modify the case schedule to re-open discovery.  Given that the discovery deadline had long since expired when they brought the dispute before the Court, however, any such motion for resolution of a discovery dispute is untimely.  "[A]bsent special circumstances, motions to compel discovery filed after the close of discovery are untimely." *Fed. Ex. Corp. v. United States,* No. 08-2423, 2011 WL 2023297, at *4 (W.D. Tenn. Mar. 28, 2011) (collecting nearly a dozen cases by way of example to support proposition); *see also Craig-Wood v. Time Warner N.Y. Cable, LLC*, 579 F. App'x 505, 508 (6th Cir. 2014) ("[A] district court does not abuse its discretion by denying an untimely motion to compel that violated unambiguous discovery deadlines . . . ."); *Ginett v. Fed. Express Corp.*, No. 97-5481, 1998 WL 777998, at *5, 166 F.3d 1213 (6th Cir. 1998) (table) (affirming district court's denial of motion to compel on the grounds that it was filed after the expiration of the discovery deadline).

Here, as set forth above, the Court extended the discovery deadline until September 30, 2015, at the parties' joint request. (ECF No. 58.)  Then, on June 26, 2015, the Court *again* extended the discovery deadline at the parties' joint request, but this time—per the parties' agreement—extended the discovery period for the "limited purposes" the parties enumerated in their motion seeking the extension. (ECF Nos. 68 and 69.)  Significantly, Plaintiffs did *not* identify the sufficiency of Defendant's responses to their April 2015 discovery requests as an outstanding dispute for which the discovery period was to be extended.  Thus, the operative deadline for Plaintiffs to bring the dispute about which they now complain was September 30, 2015.  Plaintiffs, however, brought the instant dispute to the Court's attention not only after the

6

operative September 30, 2015 deadline, but also after the October 15, 2015 deadline and the twice-extended deadline for filing dispositive motions had expired and the parties had filed their motions.  Because the Court is unable to discern any special circumstances that would persuade the Court to consider Plaintiffs' belated request for resolution of a discovery dispute timely, their Motion is **DENIED**.

To the extent Plaintiffs instead seek a modification of the case schedule to re-open discovery, their request is also denied.  A district court is required to enter a scheduling order, which limits the time "to join other parties, amend the pleadings, complete discovery, and file motions."  Fed. R. Civ. P. 16(b)(3)(A).  When, as in the instant case, a party misses a scheduling order's deadlines and seeks a modification of those deadlines, the party must first demonstrate good cause.  *See* Fed. R. Civ. P. 16(b)(4); *Andretti v. Borla Performance Indus., Inc*., 426 F.3d 824, 830 (6th Cir. 2005).  "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp*., 281 F.3d 613, 625 (6th Cir. 2002) (quotation omitted); *accord Leary v. Daeschner,* 349 F.3d 888, 906 (6th Cir. 2003) ("[A] court choosing to modify the schedule upon a showing of good cause, may do so only if it cannot reasonably be met despite the diligence of the party seeking the extension."(quotation omitted)).  "Another important consideration . . . is whether the opposing party will suffer prejudice by virtue of the amendment." *Leary*, 349 F.3d at 906 (citing *Inge*, 281 F.3d at 625).

Here, Plaintiffs have failed to demonstrate the requisite good cause under Rule 16(b)(4).  As set forth above, the key inquiry is whether Plaintiffs were diligent in their efforts to meet the case schedule deadlines.  Significantly, Plaintiffs make no effort to show that they exercised the requisite diligence or to explain why they waited until after the expiration of the discovery

deadline to seek modification of the case schedule when the factual basis for the request, *i.e.* the alleged insufficiency of Defendant's responses to their April 2015 written discovery, arose well before the extended discovery deadline. Thus, the Court concludes that Plaintiffs were not diligent in their efforts to meet the scheduling deadlines.

Plaintiffs' reliance upon cases that address the two-step inquiry courts apply to determine whether the plaintiffs are similarly situated so as to pursue a collective action under the FLSA is misplaced. Plaintiffs contend that decertification motions are appropriately brought after the completion of discovery and cite a litany of cases in which courts have adopted this practice. First, the Defendant's Motion for Decertification *was* filed *after* the parties' agreed-upon deadline for completing representative discovery and the agreed-upon deadline for filing dispositive motions. Second, as the cases Defendant cite reflect, decertification motions may and have been resolved following representative discovery. (*See* Def.'s Br. 3–5, ECF No. 99.) Third and most significantly, if Plaintiffs were dissatisfied with the representative discovery they had obtained from the nineteen opt-in plaintiffs, they were free to bring that dispute before the Court or to seek leave to extend the deadline for completion of discovery, yet they failed to timely do either.[1]

---

[1]To the extent Plaintiffs contend that they are entitled, as a matter of law, to discovery for every Plaintiff who opted-in after the notice process was complete, they misapprehend the issue. None of the cases Plaintiffs cite in their briefing support their assertion that decertification motions must be decided after the all of the opt-in forms have been received and discovery has concluded as to each and every opt-in plaintiff. (*See* Pls' Br. 3--5, ECF No. 98.) Instead, these cases stand for the proposition that, at the certification stage, the burden to demonstrate that the plaintiffs are similarly situated is slight and the Court may make the determination without formal discovery. The cases make clear that, at the second stage, the Court examines the issue more closely with the benefit of discovery.

Here, Plaintiffs agreed to engage in representative discovery of the named Plaintiffs and the then-existing opt-ins. That discovery, for purposes of the second, decertification stage, is

8

Case: 2:14-cv-00432-EAS-EPD Doc #: 101 Filed: 01/26/16 Page: 9 of 10  PAGEID #: 3493

Although Plaintiffs' failure to set forth good cause is dispositive, the Court further notes that granting the relief Plaintiffs' request would result in prejudice to Defendant.  The twice-extended discovery and dispositive motions deadlines have expired, and the parties have filed the dispositive motions.  Moreover, this case is set for trial on July 16, 2016.  (ECF No. 74.)  Extending the case schedule a third time would significantly delay the resolution of this action and require Defendant to expend additional resources to conduct discovery.

In sum, Plaintiffs' failure to show diligence and the prejudice to Defendant leads the Court to determine that Plaintiffs have failed to demonstrate good cause for re-opening discovery as required under Rule 16.  Thus, to the extent Plaintiffs seek a modification of the case schedule to re-open discovery, their request is **DENIED**.

**III.**

For the reasons set forth above, Plaintiffs' request for leave to conduct additional discovery is **DENIED**.  (ECF No. 98.)  Accordingly, memoranda in opposition to the pending Motion for Decertification (ECF No. 90), Motion for Summary Judgment Against Plaintiffs Tom Hughes and Desmond McDonald (ECF No. 91), and Renewed Motion for Class Certification (ECF No. 93) are due **WITHIN TWENTY-ONE DAYS**, with any reply memoranda to be filed **WITHIN FOURTEEN DAYS** of the memoranda in opposition.

**IT IS SO ORDERED.**

---

now complete.  The Court may now examine the question of whether members of the class are similarly situated with the benefit of a fuller record, employing a more exacting standard, based on the discovery the parties have adduced.

Date: January 26, 2016 /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE