UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TOM HUGHES & DESMOND
MCDONALD, on Behalf of Themselves
and Others Similarly Situated,

    Plaintiffs,    Case No. 2:14-cv-000432

v.

              CHIEF JUDGE EDMUND A. SARGUS, JR.
              Magistrate Judge Elizabeth Preston Deavers

GULF INTERSTATE FIELD
SERVICES, INC.,

    Defendant.

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant's Motion for Summary Judgment (ECF No. 91). For the following reasons, Defendant's Motion is **GRANTED**.

## I. BACKGROUND

Defendant Gulf Interstate Field Services, Inc. ("Gulf Interstate" or "Defendant") provides construction management, pipeline and facility inspection, materials management, and other services for energy transportation projects. (Doc. No. 42, PAGEID 249.) In this capacity, Gulf Interstate contracts with third-party clients to staff employees paid by Gulf Interstate on client projects. Pursuant to contracts between Gulf Interstate and its clients, the clients pay Gulf Interstate a markup on the wages paid by Gulf Interstate to its employees. (*Id.* at PAGEID 250.) In the course of its business, Gulf Interstate provided these staffing services on a project for MarkWest in Ohio ("MarkWest Ohio Project"). Plaintiffs, Tom Hughes ("Hughes") and Desmond McDonald ("McDonald") (collectively, "Plaintiffs"), were staffed on the MarkWest Ohio Project and brought action on behalf of themselves and others similarly situated for state

1

and federal statutory violations in connection with a failure to pay overtime compensation. (*Id.* at PAGEID 251; ECF No. 1 ("Compl.") ¶ 1.)

Plaintiffs were each staffed on the MarkWest Ohio Project for a period of time beginning in 2011. Plaintiffs contend they were paid under a day rate system. "Under this system, workers receive a flat amount for each day worked but do not receive any premium pay for hours worked in excess of forty hours a week." (Compl. ¶ 1.) Plaintiffs alleged that Gulf Interstate's day rate payment practice violates the overtime requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq.*, and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), Ohio Rev. Code Ann. §§ 4111.01, 4111.03 and 4111.10. On May 9, 2014, Plaintiffs initiated this action, seeking to recover the unpaid wages and other damages owed to workers compensated under the alleged day rate payment system. (*Id.*)

Plaintiffs subsequently moved to conditionally certify a collective action under the FLSA and certify a class action under Federal Rule of Civil Procedure 23 for their OMFWSA claims (ECF Nos. 30-31). In support of their motions, Plaintiffs submit affidavits from Hughes (ECF No. 31-1), McDonald (ECF No. 31-2), and three proposed plaintiffs (ECF Nos. 31-3, 31-4, 31-5). Attached to three of the four affidavits were formal letters on Gulf Interstate letterhead, describing the terms and conditions of the affiants' employment (the "Offer Letters"). (ECF Nos. 31-1, 31-2, 31-3, 31-5.) The letters are nearly identical and each lists that the employee's compensation consists of salary, per diem, computer and mileage payments. (*Id.*) The base compensation is listed as a "salary," but the amount specified is per "Day Worked." (*Id.*) Plaintiffs contend that they were paid on a day rate basis, rather than on a salary basis, within the meanings of the FLSA and the OMFSWA, and therefore, Gulf Interstate was obligated to pay them overtime — in other words, for hours worked in excess of forty per week — pursuant to 29

C.F.R. § 778.112, and Ohio Rev. Code Ann. § 4111.03, respectively. (ECF No. 31, PAGEID 134; Compl. ¶ 32.)

Gulf Interstate opposed both conditional certification, pursuant to the FLSA, and OMFSWA class certification, pursuant to Rule 23. On July 7, 2015, the Court granted Plaintiffs' Motion for Conditional Certification under the FLSA and denied Plaintiffs' Motion for Class Certification of their OMFSWA claims (ECF No. 59).

Gulf Interstate now brings this Motion for Summary Judgment (ECF No. 91). In support of its motion, Gulf Interstate has filed uncontroverted time sheets for both Hughes and McDonald. (ECF Nos. 90-2; 42-13.) Hughes was employed as a Welding Inspector on the MarkWest Ohio project at $500 per day, beginning on January 3, 2013. (*Id.*; ECF No. 31-1.) McDonald was employed as a Welding Inspector on the MarkWest Ohio project at $525 per day, beginning on April 15, 2013. (*Id.*; ECF No. 32-2.)

## II. STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the burden of establishing that there are no genuine issues of material fact, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1388–89 (6th Cir. 1993). To avoid summary judgment, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *accord Moore v. Philip Morris Cos.*, 8 F.3d 335, 340 (6th Cir. 1993). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the

evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970); *see Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (stating that the court must draw all reasonable inferences in favor of the nonmoving party and must refrain from making credibility determinations or weighing evidence). Furthermore, the existence of a mere scintilla of evidence in support of the nonmoving party's position will not be sufficient; there must be evidence on which the jury reasonably could find for the nonmoving party. *Anderson*, 477 U.S. at 251; *see Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995); *see also Matsushita*, 475 U.S. at 587–88 (finding reliance upon mere allegations, conjecture, or implausible inferences to be insufficient to survive summary judgment).

## III. ANALYSIS

Gulf Interstate argues that two separate exemptions from the FLSA overtime compensation provisions apply to the proposed class members: (1) Administrative; and (2) Highly Compensated. Claims for exemptions to the FLSA are to be "narrowly construed against the employers seeking to assert" them. *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392 (1960). "The employer bears the burden of proving that the exemption applies to the employee in question." *Douglas v. Argo-Tech Corp.*, 113 F.3d 67, 70 (6th Cir. 1997).

In order for either exemption to apply, Plaintiffs must be paid on a salary-basis. *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 846 (6th Cir. 2012); 29 C.F.R. § 541.602(a); 29 C.F.R. § 541.601(b)(1). The salary-basis test is satisfied if the "employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or

4

part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. § 541.602(a)

The other factors of each exemption are as follows:

(1) Administrative Exemption

"To qualify for the administrative exemption, an employee's primary duty must be the performance of work directly related to the management or general business operations of the employer or the employer's customers." 29 C.F.R. § 541.201(a). Additionally, "an employee's primary duty must include the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.202(a).

(2) Highly Compensation Exemption

The highly compensated employee exemption applies where an employee makes at least $100,000 annually, including at least $455 per week on a salary basis, and the employee's "primary duty includes performing office or non-manual work." 29 C.F.R. § 541.601(d).

Plaintiffs do not contest that the other requisites for the highly compensation exemption are satisfied. Thus, the question at issue here is whether Gulf Interstate has satisfied the salary-basis test contained within 29 C.F.R. § 541.602(a). Plaintiffs contend that they were paid not on a salary-basis but on a day rate basis. It is well settled that an employee's earnings may be computed on a daily basis without violating the salary-basis requirement, but only if: (1) the employment arrangement includes a guarantee of the minimum weekly amount of $455 paid irrespective of the number of days worked; and (2) "a reasonable relationship exists between the guaranteed amount and the amount actually earned." 29 C.F.R. § 541.604(b). Additionally, the focus is on "'pay received,' rather than the terms of the employment agreement, but the regulation still requires that a defendant show that the plaintiff was paid: '(1) a predetermined

5

amount, which (2) was not subject to reduction (3) based on quality or quantity of work performed.'" *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 847-48 (6th Cir. 2012) (quoting *Baden-Winterwood, et al. v. Life Time Fitness, Inc.*, 566 F.3d 618, 627 (6th Cir. 2009)).

Gulf Interstate submits through time sheets, and Plaintiffs do not dispute, that Plaintiffs were, in fact, paid the requisite minimum amount per week, equal to six times the day rate, less lawful deductions. (*See* ECF No. 90-2.) However, Plaintiffs argue that the Offer Letters, as well as two emails between Gulf Interstate and MarkWest employees, describing pay plans for Inspectors as day or days worked only, rather than a minimum number of days,[1] demonstrate that Plaintiffs were not "guaranteed" the weekly minimum amount, within the meaning of 29 C.F.R. § 541.604(b).

Fatal to Plaintiffs' argument is the fact that the Sixth Circuit has squarely held that "employment agreements are no longer the relevant starting point for whether an employee is paid on a salary basis. The question is therefore not what [a plaintiff] was owed under his employment agreement; rather, the question is what compensation [the plaintiff] actually received." *Orton*, 668 F.3d at 848 (internal citation omitted) (citing *Baden-Winterwood*, 566 F.3d at 627). The same logic which applies to employment agreements also applies to company emails. It is not written descriptors of the payment policies that are relevant to the salary-basis test inquiry, but rather the actual payment practice. Here, there is no dispute that Plaintiffs were actually paid the requisite amount to satisfy the FLSA's salary-basis requirement. As a result, the FLSA highly compensated exemption applies and summary judgment is **GRANTED** in favor

---

[1] On May 17, 2012, Cathie Kramer, Head of Gulf Interstate's payroll department sent an email to Gulf Interstate Chief Inspector Steve Lane, who was inquiring about pay schedules for MarkWest Inspectors. Kramer responded by attaching a copy of Mr. Lane's contract letter, and stated that the letter "explains salary as day worked." (ECF No. 93-3, Ex. 6.) On May 25, 2011, John Urbania of MarkWest wrote an email to the former Director of Gulf Interstate, Blair Miller, in which he stated that inspectors were "[p]aid for days worked only." However, in the same paragraph of the email, Urbania says the "projects are based on a 6 day work week @ 10 hours a day (salaried position)." (*Id.* at Ex. 7.)

6

of Defendant. Defendant's Motion to Decertify (ECF No. 90), and Plaintiff's Renewed Motion to Certify Class (ECF No. 93) are **DENIED as MOOT**.

**IT IS SO ORDERED.**

__8-3-2016__
**DATE**

EDMUND A. SARGUS, JR.
**UNITED STATES DISTRICT CHIEF JUDGE**

7