UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

THOMAS HUGHES & DESMOND
MCDONALD, on Behalf of Themselves
and Others Similarly Situated,

              **Plaintiffs,**

    **v.**

GULF INTERSTATE
FIELD SERVICES, INC.,

      **Defendant.**

Case No. 2:14-cv-00432
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth Preston Deavers

<u>OPINION AND ORDER</u>

This matter is before the Court on Plaintiffs' Motion to Sever Claims of Thomas Hughes and Desmond McDonald and Stay All Proceedings in the Current Case. (ECF No. 121.) For the reasons set forth below, Plaintiff's Motion is **GRANTED**.

This Court previously certified a conditional class under the FLSA and denied Plaintiffs' motion for class certification under Federal Rule of Civil Procedure 23, though permitted Plaintiffs to file a renewed class certification motion. (ECF No. 59.) On August 8, 2016, the Court granted Defendant Gulf Interstate's motion for summary judgment on the individual claims of named Plaintiffs Hughes and McDonald and denied the motions for decertification and renewed class certification as moot. (ECF No. 110.) Upon request for clarification as to the effect of the decision on the rest of the class members, the Court vacated the decision to the extent it denied the decertification and class certification motions as moot, and confirmed that the claims of the opt-in plaintiffs remained before the Court. (ECF No. 117.) The Court notified the parties that it would rule on the motions for decertification and class certification with respect to the remaining class members, and ordered supplemental briefing in light of the named plaintiffs'

dismissal. (*Id.*) Plaintiffs subsequently moved the Court to sever Hughes' and McDonald's individual claims so as to make the summary judgment against them final and appealable and stay the current proceedings pending such appeal. (ECF No. 121 (citing Fed. R. Civ. P. 21).)

Plaintiffs argue that severing the individual claims of Hughes and McDonald to allow their appeal of the summary judgment decision is the most efficient method to resolve the claims and issues in this case. (*Id.* at 4.) In granting summary judgment, the Court determined that Gulf Interstate met the "salary basis" requirement for Plaintiffs to be considered "highly compensated employees" and therefore exempt from the FLSA overtime provisions. (ECF No. 110 at 5 (citing 29 C.F.R. § 541.602(a)).) Whether an employee is paid on a salary basis is determined by the compensation actually received, not what is stated in an employment agreement. *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 847–48 (6th Cir. 2012). The Court determined that Hughes and McDonald were actually paid according to a salary basis. (ECF No. 110 at 6.) Because each earned more than $100,000 on an annual basis, they both qualified as highly compensated employees and were exempt. *See* 29 C.F.R. § 504.601(d). Plaintiffs had argued that Gulf Interstate paid them on a day rate, and that evidence of their pay on a salary basis was equally consistent with that of a day rate. (Plaintiff's Response to Defendant's Motion for Summary Judgment at 5, ECF No. 103.)

The salary basis issue is relevant to the Court's resolution of the decertification and class certification motions. Gulf Interstate argues that Plaintiffs are exempt from the FSLA overtime provisions as administrative, executive, highly compensated, or combination employees, each of which require the employee to be paid on a salary basis. (Defendant's Motion for Decertification ("Def. Mot. for Decert.") at 26, ECF No. 90-1.) Thus, to the extent that the Court's rulings on decertification and class certification will inevitably rely on its prior determination of the salary

basis issue, Plaintiffs argue that an immediate appeal of that issue would more efficiently resolve

the issue as to the remaining parties. For instance, if the Court grants the motion for

decertification and in doing so relies on its prior determination of the salary basis issue:

> [T]he Court would then dismiss the Opt-In/Party Plaintiffs without prejudice. The Opt-In/Party Plaintiffs would then be forced to file multiple lawsuits in multiple jurisdictions . . . . Should the Sixth Circuit reverse this Court on the salary basis issue and thus then its decertification decision, the parties and this Court would at that time have the unenviable task of unscrambling a scrambled egg and putting the certified FLSA class back together again.

(Plaintiff's Reply in Support of their Motion to Sever and Stay at 2–3, ECF No. 128.) On the

other hand, if the Court denies the motion for decertification:

> [T]he summary judgment ruling would remain interlocutory. The case would then proceed to determine the claims of the Opt-Ins/Party Plaintiffs based on the application of the duties tests *and* on the application of the salary basis test as presently interpreted by this Court. Only after the passage of a significant amount of time and a determination on the merits as to the claims of the Opt-Ins/Party Plaintiffs would the salary test issue be appealed. And should the Sixth Circuit determine that there were genuine issues of material fact making summary judgment based upon the salary basis test inappropriate, the parties would return to this court starting at square one.

(*Id.* at 2 (footnote omitted).) Regardless of whether the Court chooses to grant or deny the

decertification motion, Plaintiffs conclude, an equally inefficient outcome could result. (*Id.*)

Gulf Interstate maintains that the entry of summary judgment against the named Plaintiffs

compels the Court to decertify the conditional FLSA class and deny class certification.

(Defendant's Brief Opposing Plaintiff's Motion to Sever ("Def. Resp. in Opp.") at 1–2; ECF No.

124.) It argues that allowing Plaintiffs to appeal the salary basis issue before adjudication of the

parties' pending motions is contrary to the final judgment rule, which state that a party must

ordinarily raise all claims of error in a single appeal following final judgment on the merits. (Def.

Resp. in Opp. at 7 (citing 28 U.S.C. § 1291).) Rather,

> [T]he most efficient course of action is to adjudicate all such motions in Gulf's

3

Case: 2:14-cv-00432-EAS-EPD Doc #: 129 Filed: 01/04/17 Page: 4 of 4  PAGEID #: 3851


> favor for the reasons previously briefed, enter final judgment for Gulf on all claims, and afford Plaintiffs the opportunity to appeal at once both the merits of the salary basis issue and its impact on collective and class certification.

(Def. Resp. in Opp. at 5.) The Court would ordinarily agree, but here it finds Plaintiffs' arguments to be well taken. Resolution of the decertification and class certification motions will likely require the Court to depend on its earlier ruling regarding the salary basis issue. Although Defendant is correct that granting the stay could delay resolution of this case and possibly result in a second appeal (if the Sixth Circuit affirms the Court's decision), Plaintiffs will face greater prejudice should the Sixth Circuit reach a different conclusion on the salary basis issue. If such a scenario arises, Plaintiffs would have the difficult task of putting the dispersed FLSA class back together again. The Court therefore finds that "there is no just reason for delay" in allowing the grant of summary judgment on the individual claims of Plaintiffs Hughes and McDonald to become final and appealable. Fed. R. Civ. P. 54(b).

For good cause shown, Plaintiffs' motion to sever the claims of Hughes and McDonald and stay the present proceedings is **GRANTED**. All further proceedings are **STAYED** pending a final ruling from the Sixth Circuit on the Plaintiffs' appeal. The Court **DIRECTS** the Clerk to administratively close this case until that time, and **ORDERS** the parties to notify the Court upon issue of the Sixth Circuit's decision so that the case may be reopened.

**IT IS SO ORDERED.**


_____  ⊢ 4-2017

**DATE**

_____

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**